**AMERICAN REPUBLIC INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**UNION FIDELITY LIFE INSURANCE COMPANY, a corporation, and LeRoy C. Lindgren, Robert Anderson, et al., Defendants.**

**Civ. No. 67–259.**

United States District Court,
D. Oregon.

May 13, 1970.

Roland F. Banks, Jr., Rockne Gill, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for plaintiff.

James C. Dezendorf, McColloch, Dezendorf & Spears, Portland, Or., for Union Fidelity Life Ins. Co.

Otto R. Skopil, Williams, Skopil & Miller, Salem, Or., for LeRoy C. Lindgren and Robert Anderson.

OPINION

SOLOMON, Chief Judge.

After a trial on the segregated issue of liability, I held that American Republic Insurance Company (American) was entitled to recover for damages to its Oregon and Washington agencies. American Republic Insurance Co. v. Union Fidelity Life Insurance Co., 295 F. Supp. 553 (D.Ore. 1968).

American claims seven items of damages.

(1) Profit from Lost Sales of Accident and Health Policies in Oregon.

The parties agree that the lost profit is the product of (a) the average annual premium from each lost policy; (b) the number of premiums expected from each lost policy; (c) the percentage of profit on each lost premium and (d) the number of policies which were lost.

I agree with American that the average annual premium is $42.96. This figure is the average annual premium on a large block of policies issued in 1965 and 1966. Since the policies were all issued at or near the time Union wrongfully caused American's agents to leave, the average premium should fairly represent the average premium on the lost policies.

I find that the number of premiums, calculated on an annual basis, which can be expected from each policy (persistency) is 2.87. The parties agree that ideally one should study a block of policies all issued in the same year and deter-

mine the year in which each of these policies lapsed. Persistency could then be computed by mathematical averaging. Here, the only data available were national figures on (1) the number of policies in force at the end of 1968; (2) the year in which each of those policies was issued; (3) the number of policies issued each year between 1956 and 1968; and (4) the number of policies in force during each of the years 1964–1968.

Since the parties do not know the year of lapse on each policy issued in any year except 1968, they both computed their persistencies by averaging the persistencies of different blocks of policies. Both parties used the following table:

### TABLE 1

| Year of Issue | Number of policies issued that year | Number of policies issued that year which were still in force on 12/31/68 | Percentage of policies issued that year which were still in force on 12/31/68 | Years in force on 12/31/68 |
|---|---|---|---|---|
| 1968 | 208,102 | 121,740 | 58.50% | ½ |
| 1967 | 206,458 | 108,936 | 52.77% | 1½ |
| 1966 | 306,151 | 128,489 | 41.97% | 2½ |
| 1965 | 245,353 | 82,140 | 33.48% | 3½ |
| 1964 | 212,727 | 60,459 | 28.42% | 4½ |
| 1963 | 232,984 | 57,540 | 24.70% | 5½ |
| 1962 | 229,887 | 49,522 | 21.54% | 6½ |
| 1961 | 187,204 | 35,948 | 19.20% | 7½ |
| 1960 | 187,123 | 28,676 | 15.32% | 8½ |
| 1959 | 178,841 | 26,956 | 15.07% | 9½ |
| 1958 | 204,983 | 27,578 | 13.45% | 10½ |
| 1957 | 176,921 | 25,849 | 14.61% | 11½ |
| 1956 | 168,083 | 24,060 | 14.31% | 12½ |

From this table American computed an average persistency for 1 year by averaging the ½ and 1½ year figures. It used the same method to compute an average persistency for each of the years 2–20. By applying these annual persistencies to a hypothetic block of 10,000 policies issued in the same year, American predicted the number of policies which would lapse during each of the next 20 years. American used these figures to compute a persistency by the agreed method of mathematical averaging.

Union computed its persistency by using the same method as American, except that Union did not convert the persistencies in Table 1 to annual persistencies.

I used Union's method. The lapse rate is greatest during the first few months of issue. By averaging the ½ year persistency and the 1½ year persistency, American reduced the effect of the initial high lapse rate. This error was not corrected by using the same method for computing each year's persistency because the number of policies still in effect at the end of the first year (or half year) affects the number remaining at the end of each subsequent year.

I find that American made 1.54% profit on each premium. American claimed a profit ratio of 19.04%. It uses the Oregon loss ratio and national expenses. This method greatly inflated the profit ratio because Oregon pro-

duces a large amount of new business, which has a low loss ratio, but the cost of putting the business on the books is high. Union computed a profit ratio of 1.10% by using national figures for both the loss ratio and expenses. I used the Oregon loss ratio, Oregon commissions, and Oregon tax expenses. The only national figure I used was for miscellaneous expenses because there is no accurate Oregon figure.

I find that American lost 3,133 policies. During 1966, its Oregon agency averaged 18 producing agents a week. During the first quarter of 1967 the average was 13.7. Union's wrongful conduct caused American to lose practically all of its sales force in April, 1967. As a result, during the second quarter of 1967 the agency averaged 3.0 agents a week. The sales force continued to decline during the third quarter when it averaged only .8 of an agent a week. During the fourth quarter the average rose to 6.3 agents a week. It continued to improve through 1968, when the agency averaged 8.8 agents a week. American estimates that the agency force will not reach its 1966 level of 18 agents a week until at least 1972.

I cannot assume that Union is responsible for the loss of 18 agents for 6 years. During the first quarter of 1967, American's national agency force decreased 10%. In 1966, the average time an agent spent on the Oregon force was only 10.3 weeks. I find that Union is liable for the loss of 16 agents for 26 weeks, less the number of agents on the force during those weeks. I also find that the agents would continue to sell at the same rate as the agents who were named as defendants.[1]

(2) Profit from Lost Sales of Accident and Health Policies in Washington.

I find that American lost 572 policies in Washington. The parties agree that the average premium, persistency, and profit ratio are the same for both Oregon and Washington.[2]

During the first quarter of 1967, the Washington agency sold an average of 41 policies a week. During the next 22 weeks, sales were down to an average of 15 policies a week. I reject Union's contention that it is only responsible for the loss of those policies which would have been written by the nine defendant agents. I find that the agency lost an average of 26 policies a week for 22 weeks.

(3) Profit from Rewritten Oregon and Washington Accident and Health Policies.

I find that 624 policies were rewritten by Union which had previously been written by American. The parties agree that the lost profit on rewritten policies is the product of the agreed annual premiums on the lost policies as well as the profit ratio and persistency used in Claim 1.[3]

Union failed to prove that some of these policies were cancelled by American and that some were replaced with coverage which American does not write.

1. During the first quarter of 1967, the nine defendant agents averaged a total of 77 sales a week, or 8.55 each.

2. I used the national profit ratio of 1.10% because there are no expense figures available for Washington.

3. The persistency figure varies, depending upon how long the policy was in effect at the time it was rewritten. I used the following figures:

TABLE 2

| Years in Force | Persistency |
| --- | --- |
| 0 | 2.161 |
| 1 | 3.148 |
| 2 | 3.572 |
| 3 | 3.847 |
| 4 | 3.939 |
| 5 | 3.949 |
| 6 | 3.962 |
| 7 | 3.926 |
| 8 | 3.878 |
| 9 | 3.818 |
| 10 | 3.741 |
| 11 | 3.643 |
| 12 | 3.517 |
| 13 | 3.357 |
| 14 | 3.152 |
| 15 | 2.890 |

### (4) Profit from Lost Oregon Life Insurance Policies.

The parties agree that this item of damages is the product of the average annual premium, profit ratio, persistency, and amount of insurance lost. They also agree that the average annual premium on $1,000 of life insurance is $43.-16 and that the persistency is 3.204 years.

I find that American lost $554,581 in sales. I arrived at this figure by considering the sales of 16 agents for 26 weeks, less the number of agents on the force during those weeks. I find that each agent would have sold at the same rate as the nine defendant agents.[4]

I find that the profit ratio on life insurance sales is 3.9%. This figure is based on the premiums and expenses for all life insurance policies issued between 1951 and 1967. I reject American's contention that the profit ratio should be based on a block of seasoned policies.

### (5) Expenses to Rebuild the Oregon and Washington Agencies.

American contends that it spent $19,-406.88 to rebuild the Oregon and Washington agencies. The expenses are itemized as travel, lodging, and salary for home office personnel who came to Oregon and Washington during 1967. I find that these expenses are not substantiated by sufficient evidence.

American also contends that it spent $11,237 in litigation expenses. It cites no authority which allows the Court to award litigation expenses in this case.

### (6) Punitive Damages.

I find that American is entitled to $20,000 punitive damages. Even though American has not suffered as great a loss as it claims, it is entitled to punitive damages because Union's conduct was indefensible.

### (7) Attorneys' Fees.

I find that American is entitled to attorneys' fees in this action and that $10,000 is a reasonable amount to allow.

American is entitled to a judgment in the amount of $10,037.00 as general damages, $20,000.00 punitive damages, and $10,000.00 attorneys' fees.

This opinion will serve as findings of fact and conclusions of law under Rule 52(a), Fed.R. Civ.P.

---

4. Nine agents sold $177,000 in the first quarter of 1967, or $19,666 each.